UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE PORTER,

    Plaintiff,

v.                                      Case No. 1:18-CV-64

CITY OF KALAMAZOO, et al.,          HON. GORDON J. QUIST

    Defendants.
_____/

## OPINION AND ORDER GRANTING, IN PART, DEFENDANTS' MOTION TO DISMISS

Plaintiff, Christine Porter, sued Defendants, the City of Kalamazoo and a number of Kalamazoo Police Officers, under 42 U.S.C. § 1983. Porter filed a 36-page, 196-paragraph, 9-count Complaint. (ECF No. 1.) On April 17, 2018, the Court dismissed Defendants Moore, Johnson, and Ledbetter due to Porter's failure to serve them. (ECF No. 15.) The Court granted the remaining Defendants an extension through March 12, 2018, to file an answer or dispositive motion. (ECF No. 10.) On March 12, 2018, Defendants filed a motion to dismiss for failure to state a claim. (ECF No. 11.) On April 10, 2018, Porter responded. (ECF No. 11.) Porter agreed to dismiss her state law tort claims against the City of Kalamazoo, *i.e.*, Counts II, VI, and VIII. (*Id.* at PageID.108–09.) On April 24, 2018, Defendants replied. (ECF No. 16.) For the reasons that follow, the Court will grant Defendants' motion in part and deny it in part.

As an initial matter, Porter correctly points out that Defendants failed to follow Local Rule 7.1(d), which requires a party to attempt to obtain concurrence before filing a motion. Porter requests that the Court deny Defendants' motion on that ground alone. Rule 7.1(d), as its own language indicates, plays a more important role—for both the parties and the Court—in non-

dispositive motions than in dispositive motions, as we have here.  Civil procedure rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  "While the Court could deny the motion without prejudice based on this failure, it will instead address the motion on its merits."  *Franks v. UNUM Life Ins. Co.*, No. 1:12-CV-166, 2012 WL 1576985, at *1 (W.D. Mich. May 3, 2012).  Defendant "is hereby notified that any future motions filed without full compliance with these requirements will be stricken."  *Silver v. Giles*, No. 1:07-CV-103, 2007 WL 2219355, at *1 n.1 (W.D. Mich. July 27, 2007).

Porter requests that the Court grant her a default judgment on claims that Defendants did not address in their motion, *i.e.*, excessive force, *Monell* liability, and assault and battery.  Porter argues that Defendants failed to timely respond and these claims are subject to a default judgment.  Porter ignores Federal Rule of Civil Procedure 12(a)(4), which provides that serving a motion under Rule 12—as Defendants have done here—alters the period for a responsive pleading in accordance with the rule.  There is no basis for a default judgment.

**Rule 12(b)(6) Standard**

The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Although the plausibility standard is not equivalent to a "'probability requirement,'...it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### Count III: Abuse of Process

Under Michigan law, an abuse of process claim requires a plaintiff to show: "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v. Dozorc*, 412 Mich. 1, 30, 312 N.W.2d 585, 594 (1981). Under Michigan law, there is no abuse of process for *causing* process to issue. *Id.* n.18 (citing Restatement (Second) of Torts). Rather, an abuse of process claim "lies for the improper use of process *after* it has been issued, not for maliciously causing it to issue." *Spear v. Pendill*, 164 Mich. 620, 623, 130 N.W. 343, 344 (1911) (emphasis added) (internal quotation marks omitted); *see also Garcia v. Thorne*, 520 F. App'x 304, 311 (6th Cir. 2013) ("Garcia's abuse-of-process claim against Thorne fails because Thorne's behavior has to do with the initiation of criminal proceedings, not the misuse of process.") (applying Michigan law).

Porter's claims against Seckler, Nieboer, and Komdeur fail because their behavior had to do with the initiation of criminal proceedings, not the misuse of process. For example, Porter alleges the following actions in her response brief to support her abuse of process claim:

- Seckler wrote her a ticket for impeding traffic and told her, "in a threatening manner," "don't call the church."

- Seckler and Nieboer sought improper charges against Porter.

- Nieboer referred to Porter as a racist.

- Komdeur did an inadequate investigation.

These claims are not an abuse of process. Porter also failed to allege "with specificity an act which itself corroborates the ulterior motive." *Young v. Barker*, 158 Mich. App. 709, 721, 405 N.W.2d

3

395, 401 (1987). Instead, Porter alleged broad and attenuated connections between the officers' acts and their alleged ulterior purpose, *i.e.*, to suppress her First Amendment right to support then-candidate Trump.

Accordingly, Count III will be dismissed.

### Count VII: Negligent Infliction of Emotional Distress

A plaintiff must sufficiently allege both negligence and the physical consequences of that negligence in order to properly state a claim of negligent infliction of emotional distress. *Selph v. Gottlieb's Fin. Servs., Inc.*, 35 F. Supp. 2d 564, 570 (W.D. Mich. 1999). Porter has not alleged facts that would plausibly support such a claim. For instance, she states that the Defendants "were grossly negligent in their interactions with [her]," that they "had a legal duty to [her] as Defendants were/are officers of the law and Plaintiff is/was a citizen," and "in the course of actions described [in her Complaint], breached the owed duty." Notwithstanding legal errors in these broad claims, Porter has only alleged, but not shown, that the Defendants were negligent—her specific factual allegations describe intentional acts only. She has not sufficiently alleged negligence.

Accordingly, Count VII will be dismissed.

### Count IX: Intentional Infliction of Emotional Distress

Under Michigan law, an intentional infliction of emotional distress claim requires a plaintiff to show: "(1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Walsh v. Taylor*, 263 Mich. App. 618, 634, 689 N.W.2d 506, 517 (2004). The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* (citation omitted). "The test to determine whether a person's conduct was extreme and outrageous is

whether recitation of the facts of the case to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Lewis v. LeGrow*, 258 Mich. App. 175, 196, 760 N.W.2d 675, 689 (2003) (internal quotation marks and citations omitted). "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Doe v. Mills*, 212 Mich. App. 73, 91, 536 N.W.2d 824, 833 (1995). "Michigan law recognizes that a valid arrest with probable cause cannot give rise to a claim of intentional infliction of emotional distress." *Potvin v. City of Westland Police Dep't*, No. 05-CV-70291, 2006 WL 3247116, at *13 (E.D. Mich. Nov. 7, 2006) (citing *Cebulski v. City of Belleville,* 156 Mich.App.190, 196 (1987)).

Porter's Count IX contains "threadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements, [which] do not suffice." *Iqbal*, 566 U.S. at 678, 129 S. Ct. at 1949. Porter argues that her allegations "are clearly sufficient to set forth a plausible claim." Porter argues in her Response that the purported attempt to suppress her First Amendment rights, "the physical beating of a seventy (70) year old woman," and jailing her for three days before seeing a judge amounts to extreme and outrageous conduct. (ECF No. 14 at PageID.108.) Count IX in her Complaint did "repeat[] and re-allege[]" prior allegations made in her Complaint—accordingly, those factual allegations do add some meat to her otherwise skeletal Count IX. However, Porter does not specifically allege conduct by Defendants Nieboer or Komdeur that fits a claim for intentional infliction of emotional distress. Their alleged conduct was not so extreme as to plausibly go beyond all possible bounds of decency. Accordingly, Count IX against Nieboer and Komdeur will be dismissed.

Porter alleges that Seckler used excessive force in the course of arresting her. As the District of Columbia Circuit held, "a serious case of excessive force can constitute outrageous

5

behavior such that it satisfies a claim of intentional infliction of emotional distress." *Harris v. U.S. Dep't of Veterans Affairs*, 776 F.3d 907, 917 (D.C. Cir. 2015) (internal quotation marks and citations omitted) (collecting cases).  Accordingly, Porter has alleged sufficient facts for her intentional infliction claim against Seckler to survive Defendants' Rule 12(b)(6) motion. *Compare Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 619–20 (6th Cir. 2014) (breaking down plaintiffs' door, blindly deploying Tasers, shouting racial epithets, beating individual, and threatening elderly couple with physical violence was sufficiently outrageous); *with Turner v. Viviano*, No. 04-CV-70509-DT, 2005 WL 1678895, at *14 (E.D. Mich. July 15, 2005) (finding allegations that officers simultaneously choked and struck plaintiff, and used at least one racial epithet to be insufficiently outrageous).

Therefore, in accordance with the foregoing,

**IT IS HEREBY ORDERED** that Defendants' Motion to Partially Dismiss Plaintiff's Complaint (ECF No. 11) is **DENIED IN PART** as to Count IX against Defendant Seckler and **GRANTED IN PART** as to the remaining claims at issue.  Counts II, III, VI, VII, and VIII are **DISMISSED** with prejudice.  Count IX is **DISMISSED** with prejudice against Defendants Nieboer and Komdeur.

The case will continue as to Counts I, V, and IX against Defendant Seckler, and Count IV against the City of Kalamazoo.  Defendants Nieboer and Komdeur are dismissed from the case.

Dated: June 11, 2018                                             /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                          UNITED STATES DISTRICT JUDGE